## UNION WOOLEN MILLS et al. v. STARKE et al. (No. 514.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 28, 1921. Rehearing Denied March 16, 1921.)

1. **Venue** ⬳7—**Petition held not to allege execution of written contract defeating plea of privilege.**

A petition which alleged that the written contract was executed by defendants and sent to plaintiffs, who objected to the form of execution and returned it for proper execution, but that thereafter the defendants refused to re-execute it, does not show the execution of a written contract which would be sufficient to defeat defendants' plea of privilege to be sued in the county of its residence.

2. **Appeal and error** ⬳768—**Appellants cannot question proposition advanced by them.**

Where defendants, on appeal from an order overruling their plea of privilege, advanced a proposition as to the construction of Rev. St. art. 1830, exception 5, which was conceded by plaintiff, the defendants cannot thereafter question the soundness of the proposition.

3. **Venue** ⬳7—**Contract reduced to writing and treated as in its final form held under admission to deprive defendant of plea of privilege.**

A petition, alleging that a written contract for the rental of premises was executed by defendants and sent to plaintiffs, who returned it for more formal execution, which defendants refused to make, but that defendants had gone into possession of the premises and retained them for four months and both parties had performed their agreements under the contract, brings the case within appellants' proposition that if the contract had been reduced to writing, treated by the parties as being in its

final form, and acted on, whether signed or not, it would be effectual to deprive the defendant of his privilege.

Appeal from District Court, Jefferson County; W. H. Davidson, Judge.

Action by Mrs. Minnie G. Starke and husband against the Union Woolen Mills and others. From an order overruling a plea of privilege, defendants appeal. Affirmed on rehearing.

Head, Dillard, Smith, Maxey & Head, of Sherman, and A. D. Lipscomb, of Beaumont, for appellants.

Chenault O'Brien and George Chilton, both of Beaumont, for appellees.

WALKER, J. This is an appeal from an order overruling a plea of privilege. Appellee's suit was for the balance due under a rent contract which she alleged was in writing, and which, by its terms, was to be performed in Jefferson county. She was joined in the suit by her husband as a pro forma plaintiff, but we shall refer to her as appellee. Appellants duly filed their plea of privilege, praying that the cause of action be removed to Grayson county, where they had their domicile. Appellee replied by controverting affidavit.

We overrule the assignment of error that appellee did not sustain her venue by proof. It is our construction of the judgment that the tender of proof was waived, and that the parties, by agreement, submitted the case to the court on the allegations in plaintiff's petition. This statement of the case leaves only one question, "Had the parties contracted in writing?" On this issue appellee alleged:

"That the said written contract was duly executed by the defendants, and a copy of said contract herein referred to and described is hereto attached, marked 'Exhibit A,' and made a part hereof for the purpose of reference. The said contract hereto attached is a copy of said contract between plaintiff, owner, and defendants, except as to the signature thereto by defendants, and as to this plaintiff's allege the following: That the said contract, copy of which is hereto attached as an exhibit, was on or about August 28, 1917, or a few days subsequent thereto, signed and executed in the following form and manner, 'Union Woolen Mills, by R. A. Irvine,' and as so executed was forwarded by the said R. A. Irvine, acting on behalf of said partnership, to the agents of plaintiff, R. E. Smith & Co., Beaumont, Tex., but that the said agents, thinking the signature to said contract not in proper form, returned the same to defendants, with the request that it be executed in a different form as pointed out by said agents. That the said defendants failed and refused thereafter to return the said contract to the plaintiffs, or their agents, and now keep and retain possession of the said contract as so executed, and

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the said defendants are hereby notified to produce upon the trial hereof, the said written contract as before mentioned, and unless they do so, are notified that secondary evidence of the contents thereof will be introduced upon the trial thereof."

[1] We do not think that these allegations show that appellants delivered to appellee a written contract duly executed by them. They tendered such a delivery, but it was not accepted. Appellee returned the contract, asking that it be executed in a different way. Though she often demanded the return of the contract and was willing to accept it as originally executed, appellants did not make a new tender of the contract. And now, in aid of her venue, it does not seem to us that she can predicate any right on the execution which she refused to accept. On this issue the case stands as if appellants had never signed it.

[2] In construction of exception 5 to article 1830, R. S., "Where a person has contracted in writing to perform an obligation at any particular time, in which case suit may be brought either in such county, or where the defendant has his domicile," appellants advance this proposition:

"If the contract has been reduced to writing and treated by the parties as being in its final form, and acted on as a written contract, whether signed by the parties or their agents, or otherwise solemnized, it may be effectual to deprive the defendant of his privilege," on authority of Connellee v. Werenskiold, 87 S. W. 748.

Appellee concedes that this proposition is sound, and urges that it sustains the venue in Jefferson county. As appellants have advanced this proposition, they cannot question its soundness.

[3] Summarizing her petition in relation to this proposition, she alleges that all the terms of the contract were reduced to writing, and after being reduced to writing, were agreed to by all the parties; that it was the agreement further that this contract should be signed by both parties; that she tendered the contract to appellants for execution; that they made an effort to execute it, but that she refused to accept the execution as tendered; that, under the terms which had been reduced to writing, she surrendered the possession of the premises to appellees; that they entered into possession and held possession for about four months, paying the rent at the time and in the manner agreed upon as expressed in writing; that appellants made valuable improvements on the premises in fulfillment of their contractual obligations, as expressed in the written terms agreed upon; and that she paid on such improvements the sum of $25 in fulfillment of her obligation expressed in the written terms. In short, under her allegations, for the four months appellants held the premises, the contract was recognized by both parties, and appellants held the premises under the agreement as reduced to writing. So, it seems to us that appellee has pleaded a case within appellant's proposition, and the venue should be sustained in Jefferson county.

On the original submission of this cause, we sustained appellants' proposition that this contract was unilateral. As we let the case turn on that proposition, we did not discuss the other assignments of error. Possibly we were wrong in holding that this issue could be raised under a plea of venue. But we are not now passing on that question, as the proposition now advanced by appellants removes that issue from the case. Our original opinion can now serve no useful purposes in this record, and it is ordered that it be withdrawn. We would not be understood as holding that the contract, as pleaded, is enforceable against a plea that it is in contravention of the statute of frauds, but limit our holding to the point that, as presented on this appeal, appellee has properly laid her venue.

Appellee's motion for rehearing is granted, and this cause is affirmed.

⬅⟋For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes